UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FIGEAR, LLC | * | CIVIL ACTION NO. 22-cv-01094 |
| VERSUS | * | JUDGE ELDON E. FALLON |
| VELOCITY RISK UNDERWRITERS CLAIMS, INDEPENDENT SPECIALTY INSURANCE COMPANY NATIONAL REGISTERED AGENTS, INC., et al. | * * | MAGISTRATE DANA DOUGLAS |
| * * * * * * * * | | |

## ORDER AND REASONS

Before the Court is Defendant Figear, LLC.'s Motion to Compel Arbitration. R. Doc. 10. Plaintiff opposes the motion. R. Doc. 13. Having considered the briefing of the parties and the applicable law, the Court now issues this Order.

### I. BACKGROUND

This case arises from alleged damage to property belonging to Plaintiff Figear, LLC ("Figear"), who had a commercial property insurance policy ("the Policy") with Defendant Velocity Risk Underwriters Claims ("Velocity"). R. Doc. 1-1 at 10. Plaintiff alleges that, on September 23, 2021, a fire occurred at the covered property and set off the sprinkler system, which extinguished the fire. *Id.* at 11. Plaintiff alleges the property sustained water damage and smoke damage. *Id.*

Plaintiff brought suit asserting (1) breach of insurance contract for a failure to property adjust the claim and compensate Figear; and (2) breach of a statutory duty of good faith and fair dealing under La. R.S. §§ 22:1892 and 22: 1973. *Id.* at 17-18. Plaintiff seeks damages including,

but not limited to (1) actual losses; (2) loss of income; (3) statutory penalties; and (4) attorney's fees.

## II. PRESENT MOTION

Defendants move the Court to compel the parties to resolve this dispute via arbitration. Because Defendant Lloyd's is a citizen of a country other than the United States, they move pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 10 June 1958). They claim that an arbitration clause in the contract between the parties requires that any dispute be resolved through arbitration. The clause reads, in pertinent part:

### Arbitration Clause

All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below. . . .

The Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature.

R. Doc. 10 at 5–6.

However, Plaintiff argues that bad faith claims are excluded from this arbitration clause, either based on wording of the clause itself or based on Louisiana law, and asks the Court to retain jurisdiction over its bad faith claim and the issue of whether bad faith penalties are owed.

### III. LEGAL STANDARD

"In determining whether the Convention requires compelling arbitration in a given case," the Court "conduct[s] only a very limited inquiry." *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). An agreement "falls under" the Convention and the Court should compel arbitration only if four prerequisites are met: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Id.* (*citing Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144–45 (5th Cir. 1985); 9 U.S.C. § 202.

Federal policy and precedent emphasize a strong presumption in favor of the enforcement of arbitration clauses. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) ("[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity.") This policy is applied with "special force" on arbitrations under the Convention. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638-40.

### IV. DISCUSSION

#### a. Waiver

Plaintiffs argue that there is no written agreement to arbitrate this matter because Defendants have waived their right to enforce arbitration with regard to a claim, like Plaintiffs' bad faith claim, that could lead to an award of punitive damages. There are three ways by which a party may waive its removal rights: (1) by explicitly stating that it is doing so, (2) by allowing the other party the right to choose venue, or (3) by establishing an exclusive venue within the contract. *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*,

579 F.3d 442, 443–44 (5th Cir. 2009). Here, Plaintiff argues that Defendants waived their right to arbitrate bad faith claims via the arbitration's clause's statement that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature." Plaintiff asserts that this operates as a clear and unequivocal, though implicit, waiver of Defendants' rights to remove claims resulting in those kinds of damages to arbitration.

But "[i]n light of the federal policy favoring arbitration, there is a strong presumption against finding a waiver of arbitration." *Al Rushaid v. Nat'l Oilwell Varco, Inc.,* 757 F.3d 416, 421–22 (5th Cir. 2014) (cleaned up). Waiver must be explicit, clear, and unequivocal. Plaintiff cites no cases which would indicate that this language can operate as an explicit waiver of the right to arbitrate any claims which might result in exemplary, punitive, multiple, or other damages of a similar nature. At most, this clause limits the damages which an arbitrator might order in the event that Plaintiff was to prevail at arbitration. Especially in light of the strong presumption that arbitration is not waived, the Court declines to find here a clear and unequivocal waiver of the right to arbitrate any claim which might result in exemplary, punitive, multiple, or other damages of a similar nature. Accordingly, the Court finds that Defendants have not waived their right to arbitrate Plaintiff's instant bad faith claim.

    b. *Agreement to Arbitrate*

Plaintiffs additionally argue that their bad faith claim does not implicate the arbitration clause because "[i]t is well settled in Louisiana that 'a bad-faith failure-to-settle claim arises not from the contract of insurance itself but rather from an insurer's violation of its statutory duties.'" R. Doc. 13 at 7 (quoting *Johno v. Doe*, 187 So.3d 581, 585 (La.

App. 4th Cir. 3/9/16). It is true that there are Louisiana state court cases holding as such. But these cases do not arise in the context of arbitration. *See Johno*, 187 So.3d at 585 (holding that release of all contractual rights against insurer did not include statutory bad faith claim) (citing *Wegener v. Lafayette Ins. Co.*, 10–0810, p. 12 (La. 3/15/11), 60 So.3d 1220, 1229). As instructed by the Fifth Circuit, "whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985). Considering the strong presumption that agreements to arbitrate are valid and binding, at least one court has specifically rejected the argument Plaintiffs present here, with reference to an essentially identically worded arbitration clause. *See Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, 2021 WL 359735, at *15 (M.D. La. Feb. 2, 2021). The Court there reasoned:

> The Arbitration Agreement at issue is broad in scope because it states that "all matters in difference" that relate to the insurance policy are subject to arbitration. By drafting a broad delegation clause, the parties have clearly and unmistakably evidenced their intent to arbitrate all their claims, disputes and other matters pertaining to the contractual agreement.
>
> Contrary to Plaintiff's argument that its bad-faith claims fall outside the scope of the arbitration agreement because they are "statutory" and "not based on the Policy," the substance of these claims relates to the insurance agreement. Without the Policy of insurance between the parties, no disputes or differences would exist. Therefore, the Arbitration Agreement conceivably covers these claims.

*Id.* (internal citations removed).

The Court agrees. Accordingly, the parties must arbitrate these claims.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration in this case is **GRANTED**.

New Orleans, Louisiana, this 18th day of July, 2022.

*[Signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE